## Timothy A. Kelly and Elizabeth Kelly v. Queen City Loan and Building Association.

1. BUILDING AND LOAN ASSOCIATIONS—*Deduction of Premiums from Loans.*—Section 86 of chapter 32 of the statutes authorizes the enforcement of payment in case of default for a prescribed period, by proceed-

ings against the securities, " without deducting the premium paid or the interest thereon."

**Foreclosure of Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 5, 1899.

Burton & Reichmann, attorneys for appellants.

M. E. Ames, attorney for appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellee filed its bill of complaint to foreclose two trust deeds made by appellants. These were executed to secure loans or advances, the first of which was upon one hundred and ten shares of stock of the appellee, a building and loan association, at a premium of twenty per cent. To secure this loan appellants executed and delivered their bond, dated October 20, 1891, conditioned for the payment of $11,000 in semi-monthly installments of $27.50 each, also interest at seven per cent per annum on said $11,000, in semi-monthly payments. In April, 1892, appellants applied for a second advance or loan upon five additional shares of stock at the same rate of premium, for which they also executed a bond conditioned for payment of $500 upon like terms with the first. Appellants received, upon execution and delivery of the said bonds and trust deeds securing the same, $8,800 for the first loan and $400 for the second.

The master in computing the amount due added to the principal sums thus advanced and interest thereon, the earned premiums upon the amount of each bond for the term—over five years in the first case and proportionately in the second —which had elapsed since the loans were made, thus allowing appellants a credit for the difference between the full premium for eight years and the premium earned; and he also allowed appellants the earned value of appellants' shares for the same time.

It is contended that the decree is erroneous, for the reason that it includes in the sum found due the earned premi-

ums. It is said that as the whole premium was deducted at the outset, appellants receiving only $8,800 instead of $11,000 on the first loan—and the same proportion on the second—and being required to pay interest on the whole $11,000, there is no authority shown to divide the premium withheld into eight parts, and charge appellants with one of those parts for each year the loan had run.

The statutes in force when the loans in question were made, authorized the premium to be deducted from the loan in one amount. (Rev. Stat., Chap. 32, Sec. 95.) Section 7, Art. 11, of appellants' by-laws also authorized the deduction of the premiums from the loan. Section 86 of chapter 32 of the statutes authorizes the enforcement of payment in case of default for a prescribed period, by proceedings against the securities "without deducting the premium paid or the interest thereon." In accordance with this statute the appellee might have been entitled to retain the whole premium paid, inasmuch as this is not a case of a borrowing stockholder seeking to pay loans before maturity under the provisions of Sec. 87, Chap. 32 of the statutes. Mutual Building and Loan Association v. Tascott, 143 Ill. 305–314.

It is stated, by appellee's counsel, that section 7 of the by-laws of the association has been amended since the loans in question were made so as to provide that premiums are to be thereafter paid in monthly installments for eight years, instead of being deducted from the loan in one amount at the outset. The decree has in the present case given appellants the benefit of this provision, to the extent that they are credited with the premium for the unexpired period of eight years in the same proportion. Appellee does not complain of this, and appellants certainly can not object to an allowance considerably in their favor.

It is further contended by appellants' counsel that, excluding the "earned premiums," the decree is for too arge an amount. It is said that the stock was forfeited and membership of appellants thereby terminated; and that thereafter only the actual amount advanced, with interest, after crediting all payments and interest thereon, could be recovered.

It is unnecessary to consider this objection further than to say that appellants were given credit for the full value of the stock upon which the loan or advance was made, up to the time of the proceedings by the directors to realize on the securities.   They were given all the privileges and benefit of membership, and have no reason to complain of a decree which gives them, to say the least, all the credits to which they are entitled.

The decree of the Circuit Court is affirmed.